### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

### MIDDLE DIVISION.

---

## NASHVILLE, DECEMBER TERM, 1912.

---

GRACE K. WOOD *et al. v.* SEWANEE COAL, COKE & LAND
COMPANY.

*(Nashville.  December Term, 1912.)*

1. **LAND LAWS.  Entry is not made special or notorious by survey, or call for another survey.**

    The survey of an entry does not make it special or notorious, nor
    does a call in an entry for another survey do so.  (*Post, p. 38.*)

    Case cited and approved:  McEwen v. Coal & Land Co., 125
    Tenn., 694.

2. **SAME.  Presumption that entries not in evidence are special is
not available, where it is in evidence, and where a survey, and
not another entry, is called for.**

    If it be granted there is a presumption that entries are special
    until introduced in evidence, and that calls in an entry to adjoin or begin on a former entry are *prima facie* good, as the
    entry called for will be presumed to be special, unless produced,

Wood v. Coal, Coke & Land Co.

such rule cannot avail, where the entry in question is in evi-
dence, and its call is not for another entry, but for a survey.
(*Post pp.* 38, 39.)

Cases cited and doubted:   Wallen v. Campbell, 2 Ov., 320;  Tipton
v. McGavock, 1 Yerg., 262; Coal Co. v. Scott, 121 Tenn., 88.

---

## FROM GRUNDY.

---

Appeal from the Chancery Court of Grundy County.
—T. M. McConnell, Chancellor.

Tillman & McCall, for complainants.

C. H. Garner, for defendant.

---

Mr. Justice Green delivered the opinion of the Court.

This is an ejectment suit, decided in favor of defend-
ant below, and appealed by complainants to this court.
The complainants claim under entry No. 4273, of date
September 5, 1836, and grant No. 8069, of date Septem-
ber 29, 1840.   The complainants' entry was surveyed
September 6, 1836.

Defendant relies on grant No. 5100, of date April
25, 1837, founded on an entry made December 8, 1836.

Defendant, therefore, has the older grant, but the
younger entry, and complainants claim that their entry
is special.   Complainants' entry is as follows:

"R. L. Stubblefield enters forty-five hundred acres of
land in Warren county on the waters of Collins river,
beginning on a survey on the southwest corner of John

W. Ford 5,000-acre survey, and running south and west for complement, excluding A. Higginbotham 500-acre survey, and Jno. Nunley's 160-acre survey, and other legal claims, if any. Sept. 5, 1836.

"Joseph McEwen, Lo."

The first contention of complainants is that this entry became special by reason of the survey made September 6, 1836, some months before defendant's grant was issued.

This contention has been presented with much force and ability. This question, however, has been fully considered by this court, and after mature deliberation determined to the contrary, in *McEwen* v. *Coal & Land Co.*, 125 Tenn., 694, 148 S. W., 222.

Complainants' second proposition is that the entry under which they claim is special, because it calls for the southwest corner of John W. Ford's 5,000-acre survey. The proof does not sustain the contention that the John W. Ford survey was a well-known tract of land, or that the southwest corner thereof was a well-known corner, at the inception of the conflicting title in 1836.

The proof offered by complainants relates to a much later period of time. In fact, in the brief for complainants, learned counsel frankly confess their inability to procure testimony relating to these matters existing at a time so remote.

Inasmuch, however, as neither the Ford entry, survey, nor grant is introduced, complainants insist it should be presumed, in the absence of all evidence, that the locative corner mentioned was one well known in

the neighborhood. They rely on those cases in which, *obiter,* it is said there is a presumption that entries are special until introduced in evidence, and that calls in an entry to adjoin or begin on a former entry are *prima facie* good, as the entry called for will be presumed special, unless produced. *Coal Co.* v. *Scott,* 121 Tenn., 88, 114 S. W., 930; *Talbot* v. *McGavock,* 1 Yerg., 262; *Wallen* v. *Campbell,* 2 Tenn. (2 Overt.), 320.

If such a presumption be granted to exist as to the specialty of entries not in evidence, it could not avail complainants here. The reference in the entry under which complainants claim is not to another entry, but to a survey.

If a survey of a particular entry does not make it special, much less could a call in that entry for another survey render it special. It is merely a question of notoriety. In the case of *McEwen* v. *Coal & Land Co.,* supra, it was held that a survey did not make the first entry special or notorious, so as to warn the subsequent enterer; that is to say, a survey is not a matter of notoriety, and a call in an entry for a survey possesses no specialty.

In view of what has been said, it is manifest that the complainants have failed to make out their chain of title, and the decree of the chancellor dismissing their bill must be affirmed.